UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | |
|---|---|
| ELI G. THOMAS D/B/A THOMAS CAR WASH | Plaintiff |
| v. | Civil Action No. 3:24-cv-328 |
| STATE FARM FIRE AND CASUALTY COMPANY ET AL. | Defendants |

\* \* \* \* \*

**MEMORANDUM OPINION & ORDER**

Plaintiff Eli G. Thomas d/b/a Thomas Car Wash ("Thomas") moves to remand this action to Jefferson Circuit Court. [DE 10].[1] Briefing is complete, and the motion is ripe. [DE 14; DE 18]. For the reasons below, Thomas's Motion to Remand [DE 10] is **GRANTED**.

**I.   BACKGROUND**

Thomas sues Defendants State Farm Fire and Casualty Company ("State Farm") and Roberto Rebecchi ("Rebecchi") (collectively "Defendants"), for issues arising from Thomas's insurance policy with State Farm, and subsequent insurance claims. [DE 1-1]. At all relevant times, Thomas owned and operated a car wash business located at 4319 Bardstown Road ("Premises"). [DE 1-1 at 6]. To protect his business, Thomas owned a business insurance policy issued by State Farm that covered the replacement cost for the Premises, and covered loss of income and extra expenses up to twelve months actual loss due to wind and hail damage. [*Id.*].

On May 16, 2023, the Premises' roof collapsed because of wind and hail damage. [*Id.*]. Because of the roof damage, Thomas retained a Public Adjuster, Richard Michelson ("Michelson") to help assess the claim. [*Id.*]. Accordingly, "State Farm accepted coverage in writing." [*Id.*].

---

[1] The Joint Local Rules for the Eastern and Western Districts of Kentucky contemplate a single, unified motion and memorandum. *See* Local Rule 7.1. Going forward, counsel is advised to file a unified motion.

However, Thomas asserts "through negligence or bad faith," State Farm wrongly grouped the May 16, 2023 claim with claims that were filed on April 5, 2023, and claimed the date of loss as April 5. [*Id*]. Thomas alleges that this alteration of the date of loss by State Farm, was intended to deny Thomas an additional month of coverage. [*Id*. at 7]. Additionally, Thomas alleges that during the assessment of the claim, State Farm purposefully took action to delay the resolution of the claim, as State Farm's policy shortened the period in which a claimant could file legal action to one year. [*Id*.] And to this date, the Premises is still not fully repaired. [*Id*.].

Besides State Farm, Thomas also asserts claims against Rebecchi. [*Id*. at 8]. Rebecchi is a State Farm adjuster. [*Id*.]. After the May 16th storm damage occurred, Michelson, Thomas's public adjuster, emailed Rebecchi regarding the tolling deadline and asked Rebecchi for a tolling agreement. [*Id*.; *see also id*. at 17]. Rebecchi allegedly failed to respond. [DE 10-1 at 47].

Thomas's Complaint asserts that: (1) State Farm and Rebecchi, as an agent of State Farm, breached its contract with Thomas; (2) Defendants violated Kentucky's unfair settlement practices statute, KRS §304.12-230, and acted in bad faith; (3) Defendants were negligent in handling Thomas's insurance claim; and (4) State Farm used unfair, false, misleading, or deceptive practices in violation of KRS §367.170. [DE 1-1].

This action was originally filed in Jefferson Circuit Court. [DE 1-1]. State Farm then removed under diversity jurisdiction. [DE 1]. Because Thomas and Rebecchi are both citizens of Kentucky, there is no diversity on the face of the complaint. [*Id*.]. However, State Farm argues that Rebecchi was fraudulently joined, and no colorable claim exists against Rebecchi. [DE 14 at 65]. In response, Thomas moves to remand to Jefferson Circuit Court contending that the Complaint asserts valid claims against Rebecchi. [DE 10].

## II.     STANDARD

Fraudulent joinder is "a judicially created doctrine that provides an exception to the requirement of complete diversity." *Coyne v. Am. Tobacco Co.*, 183 F.3d 488, 493 (6th Cir. 1999) (quoting *Triggs v. John Crump Toyota, Inc.,* 154 F.3d 1284, 1287 (11th Cir. 1998)).  It allows removal in cases lacking complete diversity if a defendant can show that the plaintiff has "no colorable cause of action" against the non-diverse defendant. *Saginaw Hous. Comm'n v. Bannum, Inc.*, 576 F.3d 620, 624 (6th Cir. 2009).  The court's task is not to provide an authoritative answer on the merits of the case but determine whether the plaintiff has provided a non-fraudulent basis for recovery against a non-diverse party. *In re Welding Rod Prod. Liab. Litig.*, No. 1:03-CV-17000, 2004 WL 1179454, at *3 (N.D. Ohio May 21, 2004).

When deciding issues of fraudulent joinder, the Court "appl[ies] a test similar to, but more lenient [to a plaintiff] than, the analysis applicable to a Rule 12(b)(6) motion to dismiss." *Casias v. Wal-Mart Stores, Inc.*, 695 F.3d 428, 433 (6th Cir. 2012). "The standard to establish fraudulent joinder is a high one.  It is even higher than the standard required by a motion to dismiss." *Id.* (citing *Cordle v. Merck & Co.*, 405 F. Supp. 2d 800, 803 (E.D. Ky. 2005)). If the claim against the non-diverse defendant "has even a 'glimmer of hope,' there is no fraudulent joinder." *Murriel-Don Coal Co. v. Aspen Ins. UK Ltd.*, 790 F. Supp. 2d 590, 597 (E.D. Ky. 2011) (citing *Hartley v. CSX Transp., Inc.*, 187 F.3d 422, 426 (4th Cir. 1999)).

Even though the fraudulent joinder inquiry is conducted in federal court, "Kentucky pleading rules apply." *Combs v. ICG Hazard, LLC*, 934 F. Supp. 2d 915, 923 (E.D. Ky. 2013) (remanding).  In Kentucky, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Ky. R. Civ. P. 8.01(1)(a). Kentucky, "still follows the old notice-pleading regime." *Williams v. Altman, McGuire, McClellan & Crum, P.S.C.*, No.

CIV. 12-131-ART, 2013 WL 28378, at *3 (E.D. Ky. Jan. 2, 2013). Kentucky courts may dismiss a complaint only when a plaintiff "would not be entitled to relief under any set of facts which could be proved." *Fox v. Grayson*, 317 S.W.3d 1, 7 (Ky. 2010). Complaints can be conclusory if the plaintiff gives fair notice of the claims. *Pierson Trapp Co. v. Peak*, 340 S.W.2d 456, 460 (Ky. 1960). Further, "the Rules of Civil Procedure with respect to stating a cause of action should be liberally construed" and "much leniency should be shown in construing whether a complaint . . . states a cause of action." *Smith v. Isaacs*, 777 S.W.2d 912, 915 (Ky. 1989) (internal quotation marks omitted and markings in original).[2]

"Claims of fraudulent joinder must be asserted with particularity and supported by clear and convincing evidence." *Parker v. Crete Carrier Corp.*, 914 F. Supp. 156, 159 (E.D. Ky. 1996). In reviewing allegations of fraudulent joinder, the Court may "pierce the pleading" and consider evidence normally reserved for summary judgment, such as affidavits presented by the parties. *Casias*, 695 F.3d at 433. That said, "[t]he court may look to material outside the pleadings for the limited purpose of determining whether there are 'undisputed facts that negate the claim.'" *Id* (quoting *Walker v. Philip Morris USA, Inc.*, 443 F. App'x 946, 955–56 (6th Cir. 2011)). The burden is on Defendants to show fraudulent joinder, and as with any dispute over removal, all doubts are resolved against removal. *See Brierly v. Alusuisse Flexible Packaging, Inc.*, 184 F.3d 527, 534 (6th Cir. 1999); *Alexander v. Elec. Data Sys. Corp.*, 13 F.3d 940, 949 (6th Cir. 1994).

### III.  DISCUSSION

**A. Unfair Claims Settlement Practice and Bad Faith**

Thomas alleges an Unfair Claims Settlement Practices Act ("UCSPA") claim and a bad faith claim against Rebecchi. In Kentucky, the elements that define these claims are the same.

---

[2] Like the Federal Rules, the Kentucky Civil Rules allow alternative or inconsistent pleadings under Ky. R. Civ. P. 8.05(2).

*Davidson v. Am. Freightways, Inc.*, 25 S.W.3d 94, 100 (Ky. 2000).  Courts in this district and Kentucky have held, absent a contractual relationship, an insurance adjuster cannot be liable for common-law or statutory bad faith. *See Farmland Mut. Ins. Co. v. Johnson*, 36 S.W.3d 368, 380 (Ky. 2000), *as modified* (Feb. 22, 2001); *Breedlove v. State Farm Fire & Cas. Co.*, 690 S.W.3d 904, 915 (Ky. App. 2024) ("we agree . . . and hold that adjusters employed by the insurer are not liable for UCSPA or common law bad faith claims."); *Wolfe*, 2010 U.S. Dist. LEXIS 126215, *5 ("This Court finds that both law and reason point to the improbability of Kentucky courts holding insurance adjusters individually liable for claims under the Kentucky Unfair Claims Settlement Practices Act or the Kentucky Consumer Protection Act.").

The parties do not dispute that Rebecchi is a State Farm adjuster, and that Rebecchi and Thomas are not in an explicit contractual relationship with each other.  [DE 1; DE 10].  As a result, Thomas lacks a colorable UCSPA claim against Rebecchi. Because under Kentucky law common law bad faith claims are defined by the same elements of the UCSPA, the same reasons that support that there is no colorable UCSPA claim against Rebecchi also support that there is no colorable bad faith claim. *See Baymon v. State Farm Ins. Co.*, 257 F. App'x 858, 863 (6th Cir. 2007) (citations omitted).

### B.  Breach of Contract

Thomas asserts breach of contract against Rebecchi. Generally, under Kentucky law, to have a colorable breach of contract claim against an insurance adjuster, there must be privity of contract. *See Naiser v. Unilever U.S., Inc.*, 975 F. Supp. 2d 727, 738 (W.D. Ky. 2013); *Presnell Const. Managers, Inc. v. EH Const., LLC*, 134 S.W.3d 575, 579 (Ky. 2004)) (finding that the breach of contract claim fails when "there is no privity of contract between [Defendant] and the

5

Plaintiffs"). And without privity of contract, there cannot be a valid breach of contract claim. *See Presnell*, 134 S.W.3d at 579.

It is undisputed that Thomas was not in an explicit contractual relationship Rebecchi. [DE 14 at 66]. Rather, Thomas argues that Rebecchi "as agent for principal State Farm," is liable for this breach of contract "insofar as he failed to adequately manage the claim, and/or inform Plaintiff accurately, timely, and fully of its rights under contract." [DE 1-1 at 9]. Thomas argues "Rebecchi undertook to assist the Plaintiff in managing its claim and . . . as State Farm's agent, assumed State Farm's contractual obligations by ignoring [correspondence] regarding deadlines governing the claim, putting himself in breach of contract." [DE 10-1 at 4]. But, under Kentucky law, an agent acting within the scope of his employment in entering a contract is not liable for a subsequent breach of that contract, especially when the agent did not enter the contract on behalf of the principal. *See Smith v. Isaacs*, 777 S.W.2d 912, 913 (Ky. 1989); *see also Ping v. Beverly Enters.*, 376 S.W.3d 581, 596 (Ky. 2012) (citing *Restatement (Third) of Agency* § 6.10 cmt. b) (". . . the third party may not subject the agent to liability on the contract unless the agent agreed to become a party."). Thus, because there is no dispute that Rebecchi has not agreed to become a party of the contract and did not enter a contract with Thomas, State Farm has proved by clear and convincing evidence that there is no colorable breach of contract claim against Rebecchi. *Hartley*, 187 F.3d at 426.

**C.    Negligence**

State Farm contends that Thomas's negligence claim against Rebecchi is not colorable because an insurance adjuster does not owe a duty to the insured for negligence because the adjuster is not a party to the contract. [DE 14 at 68-9]. In response, Thomas argues that he has a cause of action against Rebecchi for negligence because of his "knowing and wrongful conduct as

6

State Farm's agent." [DE 10-1 at 49]. Thomas asserts Rebecchi owed Thomas a duty of care "to timely, accurately and fully explain to [Thomas] the filing deadline when asked directly multiple times." [DE 1-1 at 10]. And Rebecchi breached said duty because he failed to respond to Michelson's emails regarding the tolling period. [DE 18 at 85]. Thus, the Court must determine whether State Farm has proven that Thomas has no colorable claim against Rebecchi.

The court in *Fulton* discussed this exact issue. *See Fulton Cnty., Kentucky v. Underwriters Safety & Claims, Inc.*, No. 5:18-CV-138-TBR, 2019 WL 97080 (W.D. Ky. Jan. 3, 2019). In *Fulton*, the court noted that although generally an insurance adjuster does not owe a duty of care to the insured, this does not "go so far as to suggest that insurance adjusters owe no contractual or other duty to the insured." *Id*. at *3. Specifically, insurance adjusters can be liable for duties owed "beyond those duties already assumed – as an insurance adjuster – and thus owed to the insurer." *Id*. In other words, "Kentucky law does not immunize insurance adjusters from suit by an insured based on assumed duties independent from those owed to the insurer." *Id*. at *5. However, *Fulton* also makes clear that the standard of fraudulent joinder is a heavy burden to meet, and a removing party must meet this burden to avoid remand. *Id*.

Like in *Fulton*, Thomas brings a negligence claim against the insurance adjuster for how he handled its insurance claim. And like the defendant in *Fulton*, State Farm has not demonstrated that Rebecchi did "not assume duties on behalf of the adjuster beyond those owed as insurance adjusters to the insurer or those covered by contract." *Id*. at *5. In fact, State Farm only makes conclusory statements that this Court and Kentucky law "hold[s] that claims for extra-contractual damages arising from the handling of the claim are barred against the claim representative." [DE 14 at 64]. Importantly, State Farm fails to present clear and convincing evidence that Rebecchi did not undertake any extra-contractual duties, only that if he did, he cannot be liable under

7

Kentucky law. [*Id*.]. State Farm relies on *Breedlove* to support this proposition [*Id*. at 67]; however, the holding of *Breedlove* is cabined to Bad Faith claims against adjusters, not negligence claims. *See Breedlove*, 690 S.W.3d at 915. And contrary to State Farm's argument, Kentucky law is silent as to whether an insurance adjuster can be liable for to the insured for negligence.

As State Farm has the burden, State Farm is the one required to show that Thomas "would not be entitled to relief under any set of facts which could be proved." *Fox*, 317 S.W.3d at 7. Because State Farm has not asserted that Rebecchi's alleged negligence stems from his contractual obligation, State Farm has failed to meet this extremely high burden as to Thomas's negligence claims against Rebecchi. As all doubts are resolved against removal, the Court cannot find that Thomas's negligence claims against Rebecchi have no glimmer of hope. *See id*. Accordingly, State Farm has not proved by clear and convincing evidence that Thomas lacks a colorable negligence claim against Rebecchi. As a result, State Farm has failed to demonstrate fraudulent joinder on this claim and the case must be remanded to Jefferson Circuit Court.

## CONCLUSION

For these reasons, **IT IS ORDERED** that:

1) Thomas's Motion to Remand [DE 10] is **GRANTED**.

2) The case is **REMANDED** to Jefferson Circuit Court.